UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason Tomporowski, as trustee for the next of kin of Michelle Lee Young, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Christina Marie Knutson, Neil Owen Knutson, and Government Employees Insurance Company,<br><br>Defendants. | Case No. 19-cv-774 (SRN/LIB)<br><br><br><br>**ORDER** |

Matthew James Barber and Peter W. Riley, Schwebel, Goetz & Sieben, 80 S. 8th St., Ste. 5120, Minneapolis, MN 55402, for Plaintiffs.

John R. Crawford, Lauren Elizabeth Nuffort, and Michelle Kristine Kuhl, Lommen Abdo, P.A., 1000 International Centre, 920 2nd Ave. S., Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

Plaintiff Jason Tomporowski, as trustee for the next of kin of Michelle Lee Young, deceased, originally filed this action in Hennepin County District Court in February 2019. (*See* Compl. [Doc. No. 1-1].) Plaintiffs allege that on July 7, 2018, Defendant Christina Marie Knutson was negligent in the operation of a motor vehicle allegedly owned by her father, Neil Owen Knutson, that collided with a motorcycle operated by Young, who died as a result of her injuries. (*Id.* ¶¶ 2–3.) In addition, Plaintiffs allege that Defendant

Government Employees Insurance Company ("GEICO") insured Christina Knutson through a policy issued to her mother, Amy Knutson. (*Id.* ¶ 8.) Plaintiffs assert state law claims of wrongful death and negligence against the Knutsons, and seek a declaratory judgment against GEICO for insurance coverage. (*Id.* ¶ 9–10.)

GEICO removed this case to federal court on the basis of diversity of citizenship. (Notice of Removal ¶¶ 4–5 [Doc. No. 1].) Plaintiffs are Minnesota residents. (*Id.* ¶ 2.) Defendants Christina and Neil Knutson are also Minnesota residents, while Defendant GEICO is a Maryland corporation, with its principal place of business in Chevy Chase, Maryland. (*Id.*) GEICO contends that the Knutsons are not adverse to Plaintiffs, *id.* (citing *Order of St. Benedict v. St. Paul Mercury Ins. Co.*, No. 17-cv-781 (DSD/KMM), 2017 WL 1476121, at *3 (D. Minn. Apr. 25, 2017; *Interlachen Properties, LLC v. State Auto Ins. Co.*, 136 F. Supp. 3d 1061, 1069 (D. Minn. 2015)), as it plans to file a motion to "realign" the Knutsons as plaintiffs. (*Id.* ¶ 3.) Once "properly aligned," GEICO contends, complete diversity will exist. (*Id.* ¶ 4.)

In another case arising from the same accident and involving the same defendants, but a different plaintiff, *Mayo v. Knutson*, 19-cv-788 (PJS/LIB) (D. Minn. 2019), GEICO also invoked diversity of citizenship to remove the matter from state court to federal court. There too, GEICO argued that the Knutsons' interests could be realigned with the plaintiffs' interests. *Mayo*, Notice of Removal [Doc. No. 1] ¶¶ 3–4. After directing GEICO to demonstrate the existence of subject-matter jurisdiction, Judge Patrick J. Schiltz, to

2

whom the case was assigned, ultimately found jurisdiction lacking. *Mayo*, Apr. 9, 2019 Order [Doc. No. 14] at 3. Judge Schiltz therefore remanded the case to state court. *Id.*

As in *Mayo*, Plaintiffs here assert that complete diversity of citizenship is lacking and the Court therefore lacks subject-matter jurisdiction. (Pl.'s Mar. 26, 2019 Letter [Doc. No. 5] at 1.) On March 26, 2019, this Court issued a show-cause order [Doc. No. 7] similar to the order in *Mayo*.

In response to this Court's show-cause order, GEICO acknowledges the lack of diversity, but argues that: (1) even if the parties' initial alignment is not completely diverse, a defendant may still remove a case to federal court and request realignment of the parties in order to meet the diversity requirement; (2) the Knutsons should be realigned because they have the same interests as the Trustee; (3) Christina Knutson should be realigned as a plaintiff because if she is not, this becomes a direct action, which is not allowed under Minnesota law; and (4) judicial economy is best served by retaining jurisdiction. (Def.'s Resp. [Doc. No. 10] at 3–8.) The Court considers these arguments in turn.

As noted, GEICO contends that although there is not complete diversity, courts permit removal of state actions to federal court, where, shortly after removal, a party requests realignment of the parties in order to satisfy diversity. (*Id*. at 3) (citing *Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1223 (E.D. Va. 2011); *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 998, 1002 (D. Minn. 1999)). For instance, GEICO notes that this Court has considered realignment motions prior to deciding an issue of fraudulent joinder and before considering a motion to remand. (*Id.*) (citing *Interlachen Props., LLC*

3

*v. State Auto Ins. Co.*, 136 F. Supp. 3d 1061, 1067–71 (D. Minn. 2015); *Kuepers Constr., Inc. v. State Auto Ins. Co.*, No. 15-cv-449 (ADM/LIB), 2015 WL 4247153, at *5 (D. Minn. July 13, 2015)).

This case is distinguishable from the authority on which GEICO relies, however. Unlike *Reko*, *Interlachen*, and *Kuepers*, Plaintiffs here have not yet entered into a *Miller-Shugart* settlement agreement with the Knutsons. Under Minnesota law, a plaintiff may enter into a settlement agreement with a defendant-insured, which is only collectible from the insurer. *See Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982). In *Reko*, the *Miller-Shugart* settlement had been entered into by the time of removal, making the defendant-insured a nominal party, which "has no controlling significance for removal purposes." 70 F. Supp. 2d at 1002 (citing *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967); *see also Interlachen*, 136 F. Supp.3d at 1062 (noting that the parties had entered into *Miller-Shugart* agreements, seeking to obtain judgment only from the insurer); *Kuepers*, 2015 WL 4247153, at *2 (discussing the parties' *Miller-Shugart* agreements). In this case, at this time, the Knutsons are not "nominal parties."

The Court also disagrees with GEICO regarding whether the interests of Plaintiffs and the Knutsons are the same. Notably, Plaintiffs have asserted negligence and wrongful death claims against the Knutsons. While it is possible that Plaintiffs and the Knutsons may enter into a *Miller-Shugart* agreement in the future, their interests are now adverse. *See Allegiance Energy Servs., LLC v. Kinder Morgan Cochin LLC*, 80 F. Supp. 3d 963,

972 (D. Minn. 2015) (holding that where any actual and substantial conflict is present between aligned parties, they should not be realigned).

The Court is also unpersuaded that the Knutsons and Plaintiffs should be realigned because Minnesota law does not allow an injured party to proceed directly against a liability insurer. As Judge Schiltz stated in *Mayo*, this argument goes to the merits of the claims, and the Court cannot reach the merits, absent jurisdiction. *Mayo*, April 9, 2019 Order at 2.

Finally, the Court does not find that judicial efficiency warrants retention of this case in federal court because Plaintiffs and the Knutsons are likely to enter into a *Miller-Shugart* settlement agreement. Again, as Judge Schiltz noted in *Mayo*, removal jurisdiction is dependent on the facts at the time of removal. *Id.* at 3 (citing *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) ("It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal"); *Universal Underwriters Ins. Co.*, 367 F.2d at 871 ("The question of realignment, involving jurisdiction, must be tested at the time of filing of the complaint.")).

Accordingly, because the parties have not entered into a *Miller-Shugart* settlement agreement and are non-diverse, the Court remands this case under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This matter is **REMANDED** to the Minnesota District Court, Fourth Judicial District.

Dated: June 3, 2019

s/Susan Richard Nelson
Susan Richard Nelson
United States District Judge